UNITED STATES FEDERAL DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No:

**HECTOR RIVAS**

    **Plaintiff**

**V.**

**CONVERGENT OUTSOURCING, INC.**

    **Defendant.**

**COMPLAINT FOR DAMAGES
AND FOR INJUCTIVE RELIEF**

COMES NOW Plaintiff, HECTOR RIVAS by and through the undersigned counsel and brings this Complaint For Damages and For Injunctive Relief and in furtherance states as follows:

**Jurisdiction and Venue**

1. This is an action under 15 U.S.C.1692, the Fair Debt Collection Practices Act ("FDCPA")

2. Subject matter jurisdiction in this Court proper pursuant to U.S.C. 15 § 1692k(d).

3. Venue is proper in this District because a substantial part of events or omissions giving rise to the claims occurred here and The Defendant does business in Palm Beach County Florida. (28 U.S.C. § 1391(b)(2)).

**Parties**

4. Plaintiff, Hector Rivas, is a natural person who lives in Palm Beach County, Florida.

5. Defendant, Convergent Outsourcing, Inc. is a Washington corporation with CT Corporate System, 1200 South Pine Island Road, Plantation, Florida as registered agent.

6. Defendant, Convergent Outsourcing, is engaged in the business of collecting or attempting to collect very old consumer debt, sometime referred to as Zombie Debt.

**Facts Common to All Counts**

7. Defendant, Convergent Outsourcing, Inc., is a debt collector as defined in 15 USC § 1692a(6). in that Defendant as a principal purpose of business regularly uses the mail to collect or attempts to collect debts owed, due or asserted to be owned or due another.

8. Defendant, Convergent Outsourcing, Inc. attempts to collect from Plaintiff, Hector Rivas, a debt as defined in 15 USC § 1692a(5) in that Defendant attempts to collect from Plaintiff, Hector Rivas, an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

9. Plaintiff, Hector Rivas, is a consumer as defined in 15 USC § 1692a(3) as Plaintiff, Hector Rivas, is natural person obligated or allegedly obligated to pay a debt.

10. Plaintiff, Hector Rivas , hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

11. Plaintiff, Hector Rivas, received a letter dated May 1, 2014 from Defendant, Convergent Outsourcing, Inc. sent in an attempt to collect a debt.

12. Plaintiff, Hector Rivas, states based on information and belief that the allegedly debt Defendant, Convergent Outsourcing, Inc. attempts to collect is at least ten to perhaps as much as twenty years old.

13. Based on information and belief Plaintiff, Hector Rivas's, allegedly debt was long ago charged off by the original creditor.

14. Based on information and belief Plaintiff's Hector Rivas, alleged debt was sold to LVNV Funding, LLC., who is the current holder of Hector Rivas' alleged debt.

15. Charge-off means that a creditor bank no longer carries the credit card account receivable on the credl1t card bank's books as an asset. Under federal regulations, a credit card bank must charge-off a credit card receivable after it has been delinquent for 180 days.

16. Regulation Z, which is a regulation issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act (15 U.S.C. § 1601 et seq.), was amended to require that, after the credit card issuer either deems the debt uncollectible, or delinquency collection proceedings have been instituted, or the account has been charged-off, a credit card issuer must send periodic statements on all accounts, including defaulted accounts, for any period during which fees and/or interest are added to the debt. See 12 C.F.R. § 226.5(b)(2)(i).

17. Plaintiff, Hector Rivas, has not received periodic statements from Sears National Bank or LVNV Funding LLC in many years.

18. Sears National Bank has not sent periodic statements related to Bugle's alleged debt to Plaintiff in many years.

19. Defendant's letter of May 1, 2014 states " Interest Rate: 15.90%".

    a. The least sophisticated consumer would reasonably infer that interest was continuing to accrue

    b. The least sophisticated consumer would reasonably infer that if he did not accept Defendant's offer to settle interest was continuing to accrue, so it would be in the consumer's best interest to settle the alleged debt quickly.

    c. No where on the face of the letter or on the reverse side does the letter indicate that the current hold of the alleged debt  or the debt collector is not charging interest

    d. Nowhere on the face of the letter or on the reverse side does the letter indicate that it is not permissible for the current hold of the alleged debtor the debt collector to charge interest.

20. The implication that interest of 15.90% is somehow due or owing in connection with Plaintiff alleged debt is false.

21. Defendant knew that no interest was accruing the alleged debt defendant attempted to collect

22. Defendant`s conduct was willful and intentional.

23. Plaintiff is entitled to 1000 Dollars in statutory damages, costs, attorney fees, actual damages, and punitive damages for each violation 15 USC §1692(k).

**Count I**
**Violations of 15 U.S.C. § 1692(e), 15 U.S.C. § 1692 e, § 1692(e)(2), 15 U.S.C. § 1692 e(5), 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(8), and 15 U.S.C. § 1692e(10)**

24. Plaintiff hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

25. In connection with Defendant's, Convergent Outsourcing, Inc. actions in their attempts to collect, through debt collection letters, consumer debt from Plaintiff by adding an unauthorized amount of interest, late charges and other charges that are not permitted by law, the Defendants used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e.

26. Defendant's practice of attempting to collect, through debt collection letters, by adding or implying that an unauthorized amount of interest that was not permitted by law violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10).

27. In connection with Defendant`s in their attempts to collect, through debt collection letters, an alleged consumer debt from

Plaintiff by adding or implying that an unauthorized amount of interest that was not permitted by law, the Defendant's actions constituted the use of "any false representation or deceptive means to collect or attempt to collect any debt." in violation of 15 U.S.C. § 1692e(10).

28. In connection with Defendant`s actions in its attempts to collect alleged consumer debt from Plaintiff by adding an unauthorized amount of interest, that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants, communicated "to any person credit information which is known or which should be known to be false" in violation of 15 U.S.C. §1692e(8)

29. Defendant`s actions in its attempts to collect, through debt collection letters, alleged defaulted consumer debt from Plaintiff, that Defendant knew or should have known did not bear interest hence, falsely represents the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

30. A debt collector violates 15 U.S.C. § 1692(e)(8) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

31. Defendant's. actions in their attempts to collect, through debt collection letters, of purportedly defaulted consumer debt from Plaintiff by attempting to collect a debt all Defendant knew or should have known did not continue to accrue interest, the Defendant used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692(e)(8)

32. Defendant`s actions in its attempts to collect, through debt collection letters, alleged defaulted consumer debt from Plaintiff, that Defendant knew or should have known did not bear interest hence, falsely represents the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

33. A debt collector violates 15 U.S.C. § 1692(f) of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

34. In connection with Defendant's actions in its attempts to collect, through debt collection letters, alleged debt from Plaintiff by threatening to including an unauthorized amount of money not permitted by law, Defendant used "unfair or unconscionable

means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f.

35. A debt collector violates 15 U.S.C. § 1692f(l) of the FDCPA if the debt collector engages in the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless law permits such amount.

36. In connection with Defendant`s actions in their attempts to collect, through debt collection letters, consumer debt from Plaintiff by attempting to collect a alleged debt Defendant knew or should have known was charge off debt, the Defendant engaged in the collection of an amount not permissible under the law in violation of 15 U.S.C. § 1692f(l).

37. Defendant's practice of attempting to collect, through debt collection letters, consumer debt from Plaintiff by adding or attempting to collect an unauthorized amount of money not permitted by law, violates 15 U.S.C. §§ 1629f and 1692f(l).

38. Defendant`s practice of attempting to collect, through debt collection letters, consumer debt from Plaintiff that Defendant knew or should have known did not bear interest, violates 15 U.S.C. §§ 1629f and 1692f(l).

**Trial by Jury**

39. Plaintiff demand a trial by Jury as provided for in Federal Law.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against defendants and in favor of the plaintiff as follows:

A. That the Plaintiff be awarded statutory damages;

B. That the Plaintiff be awarded punitive damages for willful and knowing violations;

C. That the Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

D. That the Court issue an injunction ordering Defendants to cease unlawful collection activities;

E. That the Court enjoins Defendants from making unlawfully collection calls to debtors cell phones using a prerecorded voice and inaccurate caller identification information;

F. That the Court grants such further and additional relief as is just.


Dated:  July 31,  2014

        Respectfully Submitted, By:
        s// Jonathan Z. Kantor//
        Jonathan Z. Kantor
        Florida Bar #103993
        Law Office of Jonathan Z. Kantor, P.A.
        304 Indian Trace # 117
        Weston, FL33326
        Phone 305 375 9119
        FAX 866 395 1057
        jzkantor@yahoo.com